UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATRINA YOUNG, | ) |
| | ) |
| Plaintiff, | ) Case: 1:24-cv-02831 |
| | ) |
| v. | ) |
| | ) |
| BIAN CHICAGO, LLC, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Katrina Young ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bian Chicago, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants sex and pregnancy-based discrimination, race-based discrimination, sex and pregnancy-based harassment, and retaliation for engaging in a protected activity in violation of Title VII.

2. This lawsuit further arises under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg et seq. (PWFA) seeking redress for Defendant's failure to accommodate Plaintiff's pregnancy, and for Defendant's retaliation against Plaintiff for engaging in a protected activity under the PWFA.

3. This lawsuit further arises under the Americans with Disabilities Act of 1990, as amended ("ADA"), seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation

against Plaintiff for engaging in protected activity under the ADA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on the basis of race, color, sex, pregnancy, and disability (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Katrina Young, resided in Cook County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Bian Chicago, LLC is a corporation doing business in and for Cook County, Illinois, whose address is 600 West Chicago Avenue, Suite 1, Chicago, IL 60654-2802.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

13. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

14. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

15. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

16. Plaintiff worked for Defendant as a Porter from on or about May 31, 2023, until she was wrongfully terminated on or about November 13, 2023.

17. As a Porter, Plaintiff was responsible for maintaining cleanliness of Defendant's facility, providing laundering services, and preparing rooms for exercise classes.

18. Since at least June of 2023, through November 13, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected classes and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

19. Plaintiff suffers from a physical impairment, specifically high risk pregnancy.

20. This impairment substantially limits the major life activities of walking, lifting, and bending by causing pain, discomfort, and risk to her unborn child when she performs said major life activities.

21. Despite this disability, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

22. Plaintiff is a "qualified individual" as defined under the ADA.

23. Plaintiff is female and at all relevant times herein was pregnant and is a member of a protected class because of her sex.

24. Plaintiff is a member of a protected class due to her race, African American.

25. In or around April or May 2023, Plaintiff informed Defendant of both her high risk pregnancy and need for reasonable accommodations in the form of lifting restrictions limiting her to no lifting above fifteen pounds.

26. Defendant purported to grant these reasonable accommodations.

27. However, in or around June 2023, when Plaintiff began exercising her accommodations, she began to be subject to discriminatory behavior from her coworker, Juanita (LNU, Hispanic).

28. Juanita would constantly complain to supervisors about Plaintiff "not doing her job" as a result of her accommodations

29. In reality, Plaintiff was performing her job duties.

30. Because Juanita's discrimination was continuous, Plaintiff was left with no choice but to report the disability based discrimination.

31. Unfortunately, no remedial action was taken and Plaintiff's complaints of discrimination were not addressed.

32. Additionally, Defendant did not honor Plaintiff's restrictions, as she was still forced to lift things greater than fifteen pounds, such as weights, and items in the laundry room.

33. She also had to bend excessively to complete her job duties.

34. Therefore, in or around August 2023, Plaintiff complained to Human Resources

(HR) about Defendant's failure to accommodate her high-risk pregnancy.

35. Once again, Plaintiff's concerns went unaddressed.

36. Not only was Plaintiff's high risk pregnancy not accommodated, but supervisors began discriminating against her on the basis of her sex and pregnancy.

37. Plaintiff's direct supervisor would attempt to pressure her into taking maternity leave early, even though she was not due to give birth and start maternity leave until January of 2024.

38. On two separate occasions, in or around July 2023 and November 2023, Plaintiff's manager attempted to force her into this early maternity leave.

39. Throughout this time, Juanita had continued discriminating against and bullying Plaintiff, however her conduct escalated and began to include racially discriminatory comments.

40. In or around September 2023, Juanita referred to Plaintiff as a "fat pig" and commented that, "blacks are lazy."

41. These racially charged comments deeply offended Plaintiff, and she engaged in protected activity to complain of the comments to HR.

42. Unfortunately, once again, no remedial measures were taken to rectify the issue.

43. Further, Defendant prematurely labeled the complaints as "hearsay" and even went as far as indicating that Plaintiff herself was the culpable party, instructing her she should have a "better attitude."

44. This characterization of events proved to Plaintiff that Defendant had no intention of meetings its obligations under Title VII to conduct a prompt, thorough, and objective investigation of the race-based discrimination.

45. Very shortly thereafter, on or about November 13, 2023, Plaintiff was terminated.

46. Defendant pre-textually claimed that this termination was predicated on an alleged policy violation.

47. In reality, Plaintiff was terminated on the basis of her pregnancy, sex, race, and disability, and in retaliation for needing accommodations and complaining of discrimination.

48. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

49. Plaintiff was retaliated against and unlawfully terminated because of her sex (pregnancy), request for accommodations, race, and disability.

50. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

51. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to HR.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

52. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex and pregnancy, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54. Plaintiff met or exceeded performance expectations.

55. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

56. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex

(pregnancy).

57. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female, pregnant).

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Harassment)

60. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

62. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's sex, female.

63. Defendant knew or should have known of the harassment.

64. The sex-based harassment was severe or pervasive.

65. The sex-based harassment was offensive subjectively and objectively.

66. The sex-based harassment was unwelcomed.

67. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

7

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

69. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

70. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

71. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex and pregnancy discrimination, race-based discrimination, and/or sex-based harassment.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

73. In response to Plaintiff's complaints, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex and pregnancy discrimination, race-discrimination, and/or harassment.

74. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

75. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity, specifically, termination.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

77. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation of Title VII.

78. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT IV**
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

79. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

80. 42 U.S.C. §2000gg *et seq.* provides that it shall be an unlawful employment practice for an employer to not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of an employee.

81. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's pregnancy in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq.*

82. Plaintiff is a qualified employee as defined by 42 U.S.C. §2000gg *et seq.*

83. Defendant was aware of the pregnancy and the need for accommodations.

84. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations and/or failed to allow Plaintiff to exercise her accommodations without interference.

85. Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

86. Defendant did not accommodate Plaintiff's pregnancy.

87. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

88. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

89. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
**Violation of the Pregnant Workers Fairness Act**
**(Retaliation)**

90. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

91. Plaintiff is a member of a protected class under Title VII due to her sex (female) and pregnancy.

92. During Plaintiff's employment with Defendant, Plaintiff requested and attempted to utilize reasonable accommodations due to her pregnancy.

93. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

94. Defendant terminated Plaintiff based on her request for reasonable accommodations.

95. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting and utilizing reasonable accommodations, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

96. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination.

97. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

98. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VI
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

99. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

100. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

101. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

102. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

103. Defendant's unlawful conduct resulted in considerable harm and adverse employment action, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

104. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT VII
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**
**(Race-Based Discrimination)**

105. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

106. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

107. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

108. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

109. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT VIII
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

110. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

111. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

112. Plaintiff is a member of a protected class under the ADA, due to her disability, high risk pregnancy.

113. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

114. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

115. Defendant's discriminatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

116. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

117. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IX
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

118. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

119. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

120. Plaintiff is a qualified individual with a disability.

121. Defendant was aware of the disability and the need for accommodations, as Plaintiff notified Defendant and requested accommodations in or around March or April of 2023.

122. Defendant failed to allow Plaintiff to exercise her reasonable accommodations without interference.

123. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

124. Plaintiff's reasonable accommodations requested were not an undue burden on the

Defendant.

125. Defendant did not accommodate Plaintiff's disability.

126. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

127. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

128. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT X
### Violation of Americans with Disabilities Act
### (Retaliation)

129. Plaintiff repeats and re-alleges paragraphs 1-51 as if fully stated herein.

130. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

131. During Plaintiff's employment with Defendant, Plaintiff reasonably requested accommodations, which Defendant wrongfully denied.

132. Plaintiff also reasonably complained about disability-based discrimination she endured at the hands of her coworkers.

133. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

134. In response to Plaintiff's request, Defendant failed to accommodate Plaintiff's reasonable request for accommodations or conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability based discrimination.

135. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct suffered by Plaintiff.

136. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

137. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, wrongful termination.

138. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

139. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

   a. Back pay with interest;

   b. Payment of interest on all back pay recoverable;

   c. Compensatory and punitive damages;

   d. Reasonable attorneys' fees and costs;

   e. Award pre-judgment interest if applicable; and

   f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 9th day of April, 2024.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia K. Steere*
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*